Filed 8/18/25  P. v. Paschal CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>PATTIE PASCHAL,<br><br>　　　Defendant and Appellant. | B336281<br><br>(Los Angeles County<br>Super. Ct. No. TA112018) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Affirmed.

　　　Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, Chelsea Zaragoza, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

In 2010 a jury convicted Pattie Paschal of carjacking (Pen. Code, § 215, subd. (a))[1] and grand theft of an automobile (§ 487, subd. (d)(1)). The trial court sentenced Paschal under the three strikes law to a prison term of 31 years to life, consisting of 25 years to life, plus a five-year prior serious felony enhancement under section 667, subdivision (a), and a one-year prior prison term enhancement under section 667.5, former subdivision (b).

More than a decade later, the superior court resentenced Paschal under section 1172.75 by striking the now-legally invalid one-year enhancement, as well as the five-year enhancement. The court, however, denied Paschal's request under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to dismiss her prior serious or violent felony convictions under the three strikes law.

Paschal argues the superior court erred in denying her request to dismiss her prior serious or violent felony convictions without determining whether she would endanger public safety under section 1172.75, subdivision (d)(1). Paschal also argues the court abused its discretion in denying her request to strike her prior convictions by relying on an incorrect assessment of her health. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2010 Alejandra Castro drove to a gas station and walked into the convenience store. Castro left her car parked with the

---

[1]     Statutory references are to the Penal Code.

engine running, the doors unlocked, and her nine-year-old daughter in the front passenger seat. While Castro was inside the store, Paschal entered Castro's car through the driver's side door and put the car in gear. Castro heard her daughter scream, left the convenience store, and saw her daughter jump out of the moving car. Police were called to the gas station and made a report of the incident. Two days later, police found Castro's car and arrested Paschal.

A jury convicted Paschal of carjacking (§ 215, subd. (a)) and grand theft of an automobile (§ 487, subd. (d)(1)). The trial court found Paschal had a prior conviction for a serious felony, within the meaning of section 667, subdivision (a), and two prior convictions for serious or violent felonies, within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The court also found Paschal had served a prior prison term, within the meaning of section 667.5, former subdivision (b).

The trial court sentenced Paschal to a prison term of 31 years to life, consisting of 25 years to life for the carjacking conviction, plus five years for the prior serious felony conviction and one year for the prior prison term. The court imposed a term of 25 years to life on the grand theft conviction, but stayed execution of the sentence under section 654.

In 2023 Paschal filed a petition for writ of habeas corpus, arguing her one-year prior prison term enhancement under section 667.5, former subdivision (b), was legally invalid. The superior court set the case for a hearing under section 1172.75. Paschal later filed a motion for a full resentencing and asked the superior court to strike the one-year enhancement under section 667.5, former subdivision (b), the five-year enhancement under

3

section 667, subdivision (a), and the prior serious or violent felony convictions under the three strikes law. The People stated that they did not object to the court striking the prior prison term enhancement, but that they did object to the court striking the prior serious felony enhancement and the prior serious or violent felony convictions under the three strikes law.

The superior court struck the one-year prior prison term enhancement and the five-year prior serious felony conviction enhancement, which reduced Paschal's sentence from 31 years to life to 25 years to life. The superior court denied Paschal's motion to dismiss her prior serious or violent felony convictions under the three strikes law. Paschal timely appealed.

## DISCUSSION

### A. *The Superior Court Did Not Err in Resentencing Paschal Under Section 1172.75*

Paschal argues that, "under the plain language of section 1172.75, subdivision (d)(1)," a defendant with at least one prior strike is entitled to a "risk assessment . . . [to] determine whether dismissal of one of the prior strikes would endanger public safety" and that the superior court failed to make that finding. The plain language of the statute, however, says the opposite.

#### 1. *Statutory Interpretation*

"As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. We begin by examining the

4

statute's words, giving them a plain and commonsense meaning. We look to 'the entire substance of the statute . . . to determine the scope and purpose of the provision . . . . We must harmonize the various parts of the statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." (*People v. Lewis* (2021) 11 Cal.5th 952, 961, citation modified.) "If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." (*People v. Brown* (2023) 14 Cal.5th 530, 536; see *People v. Rhodius* (2025) 17 Cal.5th 1050,1059.)

        2.     *Section 1172.75*

Before January 1, 2020 section 667.5, former subdivision (b), required courts to "impose a one-year term for each prior separate prison term" the defendant had served, unless the defendant had been free of custody for five or more years. Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5 and limited enhancements to prior prison terms for convictions of sexually violent offenses.

Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) requires the court to apply Senate Bill No. 136 "to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." Senate Bill No. 483 added section 1172.75, subdivision (a), which states: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75 "applies automatically and mandatorily when a sentence enhancement

5

was imposed under" section 667.5, former subdivision (b) (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 11), and "'requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements'" (*People v. Garcia* (2024) 101 Cal.App.5th 848, 854).

Section 1172.75, subdivision (c), requires the court to recall sentences that include invalid enhancements under section 667.5, former subdivision (b), and to resentence the defendant. The resentencing must "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement." (§ 1172.75, subd. (d)(1).) "The reference to a 'lesser' sentence is reasonably understood to mean . . . the new sentence must eliminate the adverse effects flowing from the now-invalid section 667.5[, subdivision] (b) enhancements." (*People v. Rhodius*, *supra*, 17 Cal.5th at p. 1062.) The superior court, however, can decline to dismiss an enhancement under section 667.5, former subdivision (b), when the court "finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1); see *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1290 ["the Legislature did not intend to require trial courts to dismiss sentencing enhancements where doing so would endanger public safety"].)

Section 1172.75, subdivision (d)(2), provides that, to "eliminate disparity of sentences and to promote uniformity of sentencing," the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences." In doing so, the court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated,

6

evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(3).)

### 3.  *The Superior Court Did Not Have To Conduct a Risk Assessment*

Section 1172.75, subdivision (d)(1), states the court must conduct a public safety assessment only when resentencing under the statute does not result in a lesser sentence than the original. The superior court here reduced Paschal's sentence by six years: a mandatory one-year reduction for the legally invalid enhancement under section 667.5, former subdivision (b), and a discretionary (under section 1385, subdivision (c)) five-year reduction for the enhancement under section 667, subdivision (a). That resulted "in a lesser sentence than the one originally imposed."  (§ 1172.75, subd. (d)(1); see *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1156 [defendant receives a "lesser sentence" under section 1172.75 when the superior court strikes an enhancement under section 667.5, former subdivision (b), even where the enhancement was originally stayed].)  Thus, the "unless" clause ("unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety") of section 1172.75, subdivision (d)(1), did not apply to Paschal.  Contrary to Paschal's argument, the court did not have to make a public safety determination.

B. *The Superior Court Did Not Abuse Its Discretion in Denying Paschal's* Romero *Motion*

1. *Applicable Law and Standard of Review*

"[E]xtraordinary must the circumstance be by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack." (*People v. Strong* (2001) 87 Cal.App.4th 328, 338; see *People v. Rogers* (2025) 108 Cal.App.5th 340, 365 ["The 'great power' to deviate from the Three Strikes law 'should only be used in 'extraordinary' circumstances, when the ends of justice demands it."]; *People v. Avila* (2020) 57 Cal.App.5th 1134, 1140 ["Only extraordinary circumstances justify finding that a career criminal is outside the Three Strikes law."].)

In deciding whether to strike a prior serious or violent felony conviction under the three strikes law, the court "'must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.'" (*People v. Nunez* (2023) 97 Cal.App.5th 362, 370-371; see *People v. Johnson* (2015) 61 Cal.4th 674, 689.) The three strikes law "establishes a 'strong presumption' in favor of a harsher sentence and requires the court to explicitly articulate its reasoning if it is to depart from a harsher sentence

8

by granting the *Romero* motion." (*People v. Salazar* (2023) 15 Cal.5th 416, 428.)

We review the court's refusal to strike a prior conviction for abuse of discretion, a standard met only "in limited circumstances." (*People v. Edwards* (2022) 76 Cal.App.5th 523, 528.) Absent such a showing, "the trial court is presumed to have acted to achieve legitimate sentencing objectives," and a reviewing court will not disturb the trial court's decision. (*People v. Strother* (2021) 72 Cal.App.5th 563, 571.)

### 2. *The Superior Court Did Not Abuse Its Discretion*

Paschal argues the superior court abused its discretion in denying her request under *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th 497 to strike her prior serious or violent felony convictions. Paschal maintains the court erred in assuming she had recovered from her health issues despite (according to Paschal) "compelling evidence" to the contrary. The record does not support Paschal's argument, and the court did not abuse its discretion.

In 2021 the parole board granted Paschal medical parole after finding she suffered from several serious conditions— including post-COVID-19 disabilities, respiratory failure, diabetes, schizophrenia, anxiety, hypertension, asthma, morbid obesity, bed sores, and sleep apnea—that left her physically and cognitively impaired. The board concluded that she did not pose a public safety risk at the time, but stated that, if her condition improved, she would be returned to custody. Paschal's medical parole was later revoked after she violated a material restriction on her parole by using marijuana.

In support of her motion in 2023 to have the superior court resentence her under section 1172.75 and strike her prior convictions, Paschal argued she was no longer a danger to public safety because her health had deteriorated. While counsel for Paschal admitted at the hearing Paschal had "marginally recovered," he could not confirm the extent of her recovery, and Paschal did not submit any medical documentation to support her claims about her current health. The superior court found Paschal's condition had improved and stated to Paschal: "It appears to the court that [your condition is] temporary by virtue of how it appears that you've gotten better," and it "doesn't appear to be [a] chronic" condition. The court's finding was not contrary to the evidence.

Moreover, the superior court's assessment of Paschal's health was just one factor in the court's *Romero* analysis. The court also considered Paschal's criminal history, which the parole board had described as "rather lengthy" and "violent"; her prison record, which included multiple rule violations, the most recent of which was in 2019 for fighting; and her failure to comply with the terms and conditions of her medical parole, which led to its revocation. (See *People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1107-1108 ["strike convictions do not deserve judicial forgiveness unless the defendant has used them as a pivot point for reforming his ways"].) The court stated, "What is very dispositive for the court are the underlying facts . . . that gave rise to your case and also your criminal history. The strike was not remote in time when you suffered this current conviction. . . . I will also mention that you have not done well in prison. From the evidence presented to the court, it appears that you were cited for engaging in, perhaps, [prison] fights [that] . . . only stopped

10

because you contracted COVID. . . .  While you were being paroled medically, you failed to follow all the rules. . . .  And so the statement that you've done well in prison, I don't think is supported by the facts."  Given these circumstances, the superior court did not abuse its discretion in denying Paschal's motion under *Romero* to strike her prior serious or violent felony convictions.  (See *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1099 [trial court did not abuse its discretion in denying the defendant's *Romero* motion where the court "assessed the claimed mitigating factors and, finding one such factor, acknowledged its great weight but determined that other factors were collectively weightier"]; *People v. Mendoza* (2022) 74 Cal.App.5th 843, 861 [in ruling on a *Romero* motion, "trial judges [have] substantial leeway in determining the most significant facts in each case"]; see also *People v. Edwards*, *supra*, 76 Cal.App.5th at p. 529 ["Only in an extraordinary case—where the relevant factors manifestly support the striking of a prior conviction and no reasonable minds could differ—would the failure to strike be an abuse of discretion."].)

## DISPOSITION

The judgment is affirmed.


                                                        SEGAL, J.

We concur:


MARTINEZ, P. J.                          STONE, J.

11